**ATKINSON LAW ASSOCIATES LTD.**
Robert E. Atkinson, Esq. #9958
Email: robert@nv-lawfirm.com
Clarisse L. Crisostomo, Esq. #15526
Email: clarisse@nv-lawfirm.com
376 E Warm Springs Rd Suite 130
Las Vegas, NV 89119
Telephone: (702) 614-0600

*Local Counsel for the Debtor*

**HUSCH BLACKWELL LLP**
Michael D. Fielding, Esq.
*Admitted Pro Hac Vice*
michael.fielding@huschblackwell.com
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Telephone: (816) 983-8000
Facsimile: (816) 983-8080

*Attorneys for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>SPLASH NEWS & PICTURE AGENCY, LLC<br><br>Debtor. | Case No. 21-11377-abl<br>Chapter 11<br><br>**MOTION TO APPROVE SETTLEMENT AGREEMENT** |

Splash News & Picture Agency, LLC ("Splash" or "Debtor"), as debtor and debtor-in-possession, submits this motion (the "Motion"), by and through its counsel, for entry of an order approving a settlement agreement, pursuant to Fed. R. Bankr. P. 9019, as hereinafter set forth.

This Motion is made and based upon the Memorandum of Points and Authorities set forth herein, the declaration of Emma Curzon (the "Curzon Decl.") filed herewith, the papers and pleadings on file herein, and any argument of counsel made at the time of the hearing of this Motion.

ATKINSON LAW ASSOCIATES LTD.

*/s/ Robert E. Atkinson*
Robert E. Atkinson, Esq. #9958
Clarisse L. Crisostomo, Esq. #15526
376 E. Warm Springs Rd Suite 130
Las Vegas NV 89119
*Local Counsel for the Debtor*

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### BACKGROUND

1. On March 23, 2021 ("Commencement Date"), Splash filed its Chapter 11 bankruptcy petition.

2. On January 19, 2021, Splash filed a lawsuit in federal court for the Central District of California for copyright infringement in connection with the Dispute, captioned *Splash News and Picture Agency, LLC v. Onika Tanya Maraj*, Case No. 2:20-cv-551 (the "Action").

### TERMS OF THE SETTLEMENT

3. The parties have agreed to settle all disputes between them relating to the Action. The terms of that settlement have been memorialized in a written settlement agreement (the "Agreement"), which is attached hereto as **Exhibit 1** to the Curzon Declaration.

4. The Agreement is contingent upon Bankruptcy Court approval. A summary of the material terms of the Agreement is:

   a. **Payment**.   Defendant shall pay the Bankruptcy Estate a lump-sum payment of $65,000.00 (the "Settlement Amount") within ten (10) business days following approval of the Bankruptcy Court.

   b. **License**.   Splash hereby grants Defendant license in Section 2 of the Agreement.

   c. **Releases**.   The Parties agree to the mutual general releases in Section 3 of the Agreement.

The foregoing is merely a summary of certain of the material terms of the settlement and is qualified in its entirety by the Agreement itself, which contains many terms.

**LEGAL AUTHORITY AND ARGUMENT**

5. Pursuant to Bankruptcy Rule 9019, the Court may approve a proposed compromise after notice and a hearing.

6. The Bankruptcy Court is afforded great latitude in approving compromise agreements. However, the Court's discretion is not unlimited; compromises must also be fair and equitable. *Woodson v. Fireman's Fund Ins. Co. (In re Woodson),* 839 F.2d 610, 620 (9th Cir. 1988). Such agreements must also be reasonable under the particular circumstances of the case, and in the estate's best interests. *In re Mickey Thompson Entertainment Group, Inc.*, 292 B.R. 415, 420 (B.A.P. 9th Cir., 2003).

7. In reviewing proposed compromises, "courts need not rule upon disputed facts and questions of law, but rather only canvass the issues. A mini trial on the merits is not required." *Burton v. Ulrich (In re Schmitt)*, 215 B.R. 417, 423 (9th Cir. B.A.P. 1997); *see also In re Hyloft Inc.*, 451 B.R. 104, 109 (Bankr.Nev., 2011).

8. In deciding whether to approve a proposed settlement, the bankruptcy court must make an informed decision; the court must independently make a finding that the compromise is reasonable, fair and equitable. *Hyloft* at 109.

9. In determining the fairness, reasonableness and adequacy of a proposed settlement, the Court should consider the following four factors (each, an "***A&C Factor***"):

> "(a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises."
>
> *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1381 (9th Cir.), *cert. denied*, 479 U.S. 854 (1986)*; see also Woodson* at 620 (citing to *A & C Properties*); *Mickey Thompson* at 420 (same).

- 4 -

10. Overall, the A&C Factors favor approval of the proposed compromise. Each is analyzed below.

### A. Probability of Success in the Litigation

11. Given the cost of discovery and vagaries of litigation, the Settlement Amount is within a range of reasonable outcomes for this case, and so the first *A&C* Factor (probability of success in litigation) favors approval of the settlement.

### B. Difficulties in Collection

12. Overall, this factor is either neutral in the calculus, or very slightly in favor of approval of the settlement.

### C. Complexity, Expense, Delay, and Inconvenience of the Litigation

13. Pursuing and litigating the Action would undoubtedly be expensive relative to the amount in dispute. The expense and delay resulting from ongoing litigation will be avoided by approval of the settlement. Accordingly, the third *A&C* Factor heavily favors approval of the settlement.

### D. Interests of the Creditors

14. The proposed settlement is in the best interests of the creditors because it maximizes the return to creditors. The Settlement Amount is in the reasonable range of expected recoveries, and, as noted above, if active litigation occurs over the next year or more, then the costs of litigating may cause the *net* recovery to unsecured creditors to be smaller than they will receive if the settlement is approved.

15. The parties believe that this settlement results in a quick, fair, and reasonable recovery for the general unsecured creditors of the estate, factoring in the overall recovery, and the relative costs associated with litigating this case outside of this settlement.

16. Accordingly, the proposed settlement is in the best interest of the creditors of the Bankruptcy Estate, and that the fourth A&C Factor (interests of the creditors) favors settlement.

## RELIEF REQUESTED

17. Splash respectfully requests that the Court approve the Agreement, pursuant to Bankruptcy Rule 9019, and other applicable law as discussed above.

## CONCLUSION

Based on the foregoing, the Debtor respectfully requests that the Court enter an Order granting the Motion in its entirety, thereby approving the Settlement Agreement and General Release and authorizing the Parties to take any actions necessary to effectuate the terms of the Settlement Agreement. The Debtor also requests such other and further relief as the Court deems just and proper.

Dated: May 18, 2021.                    Respectfully submitted,

                                            HUSCH BLACKWELL LLP

                                            */s/ Michael D. Fielding*
                                            Michael D. Fielding, Esq.
                                            *Admitted Pro Hac Vice*
                                            4801 Main Street, Suite 1000
                                            Kansas City, Missouri 64112
                                            *Attorneys for the*
                                            *Debtor and Debtor-in-Possession*